Berube v. FDIC/NH Savings Bank        CV-95-196-SD  01/08/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


<u>Wendy S. Berube</u>


    v.                                      Civil No. 95-196-SD


<u>Federal Deposit Insurance</u>
 <u>Corporation as Receiver of</u>
<u>New Hampshire Savings Bank</u>


<u>O R D E R</u>


In this civil action, plaintiff Wendy S. Berube alleges that due to defendant's negligent failure to remove accumulated ice and snow from its premises, she suffered injuries as a result of a slip and fall thereon.

Presently before the court is defendant's motion for summary judgment, to which plaintiff objects.


<u>Background</u>

On or about October 10, 1991, the State of New Hampshire closed down the New Hampshire Savings Bank, and defendant FDIC was appointed as receiver.  Nearly eighteen months thereafter, plaintiff alleges that she slipped and fell on some snow and ice that had accumulated outside the bank's Maplewood Lane branch office, located in Penacook, New Hampshire.

On April 17, 1995, plaintiff filed suit in this court seeking compensation for her injuries. Subsequent to receiving plaintiff's complaint, FDIC sent a "Notice of Discovered Creditor --Proof of Claim" form to plaintiff's counsel on August 11, 1995, and indicated that either plaintiff or her attorney would be required to file such claim with FDIC prior to November 9, 1995. As late as November 15, 1995, defendant had no record that a properly executed Proof of Claim was ever filed on plaintiff's behalf.

Discussion

1. Summary Judgment Standard

Summary judgment shall be ordered when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. Since the purpose of summary judgment is issue finding, not issue determination, the court's function at this stage "'is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Stone & Michaud Ins., Inc. v. Bank Five for Savings, 785 F. Supp. 1065, 1068 (D.N.H. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). Although "motions for summary judgment must be decided on the record as it stands, not on litigants' visions of what the facts might some

2

day reveal," <u>Maldonado-Denis v. Castillo-Rodriguez</u>, 23 F.3d 576, 581 (1st Cir. 1994), the entire record will be scrutinized in the light most favorable to the nonmovant, with all reasonable inferences indulged in that party's favor, <u>Smith v. Stratus Computer, Inc.</u>, 40 F.3d 11, 12 (1st Cir. 1994), <u>cert. denied</u>, ___ U.S. ___, 115 S. Ct. 1958 (1995); <u>see also</u> <u>Woods v. Friction Materials, Inc.</u>, 30 F.3d 255, 259 (1st Cir. 1994); <u>Maldonado-Denis</u>, <u>supra</u>, 23 F.3d at 581.

"In general . . . a party seeking summary judgment [is required to] make a preliminary showing that no genuine issue of material fact exists. Once the movant has made this showing, the nonmovant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue." <u>National Amusements, Inc. v. Town of Dedham</u>, 43 F.3d 731, 735 (1st Cir. 1995) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986)), <u>cert. denied</u>, ___ U.S. ___, 115 S. Ct. 2247 (1995).

> A "genuine" issue is one that properly can be resolved only by a finder of fact because it may reasonably be resolved in favor of either party. <u>Maldonado-Denis</u>, 23 F.3d at 581. In other words, a genuine issue exists "if there is 'sufficient evidence supporting the claimed factual dispute' to require a choice between 'the parties' differing versions of the truth at trial.'" <u>Id.</u> (quoting <u>Garside [v. Osco Drug, Inc.,</u>] 895 F.2d [46,] 48 [1st Cir. 1990)]. A "material" issue is one that might affect the outcome of the suit under the governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

<u>Libertad v. Welch</u>, 53 F.3d 428, 435 (1st Cir. 1995).

3

Although summary judgment is inappropriate when a trialworthy issue is raised, "[t]rialworthiness necessitates 'more than simply show[ing] that there is some metaphysical doubt as to the material facts.'" National Amusements, supra, 43 F.3d at 735 (quoting Matsushida Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)) (alteration in National Amusements). Thus, "'[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve . . . .'" Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)). Accordingly, "purely conclusory allegations, . . . rank speculation, or . . . improbable inferences" may be properly discredited by the court, id. (citing Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)), and "'are insufficient to raise a genuine issue of material fact,'" Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993) (quoting August v. Offices Unlimited, Inc., 981 F.2d 576, 580 (1st Cir. 1992)).

## 2. Claims Procedure

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), Pub. L. No. 101-73, 103 Stat. 183 (codified at 12 U.S.C. § 1811, et seq. (1989 & Supp. 1995)), "makes participation in the administrative claims review process [ACRP]

4

mandatory for all parties asserting claims against failed institutions . . . ." Marquis v. FDIC, 965 F.2d 1148, 1151 (1st Cir. 1992) (citations omitted); see also 12 U.S.C. § 1821(d)(4)(A) (Supp. 1995) ("The Corporation may prescribe regulations regarding the allowance or disallowance of claims by the receiver and providing for administrative determination of claims and review of such determination."). "Section 1821(d)(13)(D)(i) bars all claims against the assets of a failed financial institution which have not been presented under the [ACRP] . . . ." Simon v. FDIC, 48 F.3d 53, 56 (1st Cir. 1995).[1]

> [W]here a claimant has been properly notified of the appointment of a federal insurer as receiver, 12 U.S.C. § 1821(d)(3) (B)-(C), and has nonetheless failed to initiate an administrative claim within the filing period, 12 U.S.C. § 1821(d)(3)(B)(i), the claimant necessarily forfeits any right to pursue a claim against the failed institution's assets in any court.

---

[1]12 U.S.C. § 1821(d)(13)(D) provides, in relevant part,

> **Limitation on judicial review**
> Except as otherwise provided in this subsection, no court shall have jurisdiction over--
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; . . . .

12 U.S.C. § 1821(d)(13)(D)(i) (1989).

<u>Marquis</u>, <u>supra</u>, 965 F.2d at 1152 (U.S. Code citation omitted);
<u>see also</u> <u>Simon</u>, <u>supra</u>, 48 F.3d at 56 ("Failure to comply with the
ACRP deprives the courts of subject matter jurisdiction over any
claim to assets of the failed financial institution.") (citations
omitted); <u>Heno v. FDIC</u>, 20 F.3d 1204, 1206-07 (1st Cir. 1994).

> The effect of these provisions, read
> together, is to require anyone bringing a
> claim against or "seeking a determination of
> rights with respect to" the assets of a
> failed bank held by the FDIC as receiver to
> first exhaust administrative remedies by
> filing an administrative claim under the
> FDIC's administrative claims process.

<u>Freeman v. FDIC</u>, 56 F.3d 1394, 1400 (D.C. Cir. 1995) (citing,
inter alia, <u>Heno</u>, <u>supra</u>, 965 F.2d at 1151-52).


<u>3.  Application of the Rules</u>

By medium of sworn affidavit, defendant asserts that
although plaintiff was provided with a Proof of Claim form, "the
FDIC has not received a completed Proof of Claim from the
Plaintiff or her Attorney . . . ."  Affidavit of Rolf Thorensen ¶
5 (attached to Defendant's Memorandum of Law).  Unless properly
refuted by the plaintiff, the alleged failure to properly file
the Proof of Claim will divest this court of subject matter
jurisdiction over the dispute.  <u>E.g.</u>, <u>Simon</u>, <u>supra</u>, 48 F.3d at
56; 12 U.S.C. § 1821(d)(13)(D)(i).

Plaintiff's objection fails to sustain her burden on summary
judgment.  Plaintiff has appended a letter written by her counsel

6

to FDIC regarding the Proof of Claim.  In said letter, plaintiff's counsel asserts, "I believe that the original has been sent on or about August 18, 1995 to the claims agent, P.O. Box 280402, East Hartford, Connecticut, 06128-0402."  November 15, 1995, Letter from Christopher J. Seufert, Esq., to Paul G. Hayeck, Esq. (emphasis added) (attached as Exhibit B to Plaintiff's Objection).[2]  As part of the same letter, plaintiff's counsel provided a copy of the Proof of Claim form allegedly sent to FDIC on the 18th of August.  However, the court notes that said copy is neither signed nor notarized.

Consequently, the court finds and rules that plaintiff has not submitted competent evidence on the issue of FIRREA ACRP compliance.  Moreover, plaintiff's submissions--unsworn allegations and unexecuted documents--do not permit an inference that plaintiff has complied with the ACRP, and summary judgment in defendant's favor accordingly must follow.[3]

---

[2]FDIC first raised the issue of failure to exhaust administrative remedies at the preliminary pretrial conference. See Nov. 14. 1995, Pretrial Order.

[3]The court also notes that plaintiff's attempt to recover for her alleged injuries under the Federal Tort Claims Act is inapposite to her compliance with the dictates of FIRREA. Nowhere in the scattered sections of FIRREA is there any indication that notice of the filing of a Proof of Claim pursuant to a different Act of Congress is sufficient to satisfy FIRREA's very particular ACRP requirement.

7

## Conclusion

For the reasons set forth herein, defendant's motion for summary judgment (document 6) is herewith granted. Plaintiff's failure to file a Proof of Claim leaves the court without subject matter jurisdiction over the dispute. The clerk of court is instructed to close the case.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

January 8, 1996

cc:  Christopher J. Seufert, Esq.
     Paul G. Hayeck, Esq.

8